UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ADAIR ASSET MANAGEMENT LLC               CIVIL ACTION NO. 16-0201

v.                                        JUDGE S. MAURICE HICKS, JR.

U.S. DEPARTMENT OF HOUSING AND            MAGISTRATE JUDGE HORNSBY
URBAN DEVELOPMENT, ET AL.

## MEMORANDUM RULING

Before the Court is an *unopposed* Rule 12(b)(1) Motion to Dismiss (Record Document 7) filed by Defendant, U.S. Department of Housing and Urban Development ("HUD"). HUD seeks dismissal on the ground that this Court lacks subject matter jurisdiction over Plaintiff Adair Asset Management, LLC's ("Adair") claim. See id. Alternatively, HUD seeks dismissal pursuant to Rule 12(b)(6) on the ground that Adair has failed to state a viable claim. See id. For the reasons that follow, HUD's Rule 12(b)(1) motion is **GRANTED**.[1]

## RELEVANT BACKGROUND

In 2011, Bank of America conveyed real property commonly known as 1621 Patricia Drive, Bossier, Louisiana ("the subject property"), to HUD. This conveyance was made to HUD in exchange for HUD's payment of an insurance claim filed by Bank of America where HUD was the insurer of Bank of America's loan through the Federal Housing Administration ("FHA"). HUD's mortgage insurance and ownership are a product of the FHA Single-Family

---

[1] Because the instant motion was decided on jurisdictional grounds, the Court did not reach the Rule 12(b)(6) analysis.

Mortgage Insurance Program. Since the time of the conveyance in 2011, HUD has owned the subject property without interruption.

The state of Louisiana practices a state and local scheme which permits a tax sale in order to compensate government entities for unpaid taxes. During the time of HUD's ownership, legal taxes on the subject property accrued without payment. On or about June 8, 2012, Adair purchased a 1% property interest in the subject property through a tax deed sale by the Bossier Parish Tax Assessor. Subsequently, on or about June 28, 2012, Bossier City conducted a tax sale and conveyed a similar interest to co-defendant Bella Lago 2, LLC.

On December 28, 2015, Adair filed a Petition in the 26th Judicial District Court, Bossier Parish, State of Louisiana, seeking judicial partition of the subject property and reimbursement of property taxes it had previously paid on the subject property (Record Document 1-2). Following the partition, Adair planned to authorize a Sheriff's sale and obtain the profits from the sale.

On February 12, 2016, HUD timely filed a notice of removal (Record Document 1) pursuant to 28 U.S.C. §§ 1442(a) and 1446(b). A Removal Order was entered on February 16, 2016 (Record Document 3). HUD responded to the Removal Order on March 16, 2016 (Record Document 6) and filed the instant motion on April 19, 2016 (Record Document 7).

## LEGAL STANDARD

HUD has moved to dismiss Adair's claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Where, as in this case, a Rule 12(b)(1) motion is filed together with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing any attack on the merits. See Ramming v. United States, 281 F.3d 158, 161

(5th Cir. 2001). "The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction." Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc., 666 F.3d 932, 935 (5th Cir. 2012).

According to the Quite Title Act ("QTA"), federal courts have exclusive original jurisdiction to hear actions concerning federally owned property. This includes partition actions. See 28 U.S.C. §§ 1346(f) and 2409(a); see also Block v. North Dakota, 461 U.S. 273, 286, 103 S.Ct. 1811, 1819 (1983). Therefore, cases involving federally owned property must be heard in federal court and the QTA provides not only exclusive federal subject matter jurisdiction, but also a limited waiver of sovereign immunity. See 28 U.S.C. § 2409(a).

This case also implicates the doctrine of derivative jurisdiction. The jurisdiction of a federal court on removal is, in a limited sense, a derivative jurisdiction. See State of Minnesota v. United States, 305 U.S. 382, 389, 59 S.Ct. 292, 295 (1939). "Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." Id.

## ANALYSIS

Adair's partition claim against HUD falls within the bounds of the QTA's limited waiver of sovereign immunity. Moreover, because the subject property is owned by HUD, the QTA limits subject matter jurisdiction over Adair's claim and requires that any such claims be adjudicated in federal court.

The issue in this case is that Adair originally filed the claim in state court and HUD later removed the case to federal court. Under the doctrine of derivative jurisdiction, if the

state court lacks jurisdiction of the subject matter, then a federal court does not acquire jurisdiction upon removal even if it would have had jurisdiction if the case was originally filed there.  In essence, the jurisdiction of the federal court must mirror the jurisdiction of the state court.  In Sanders v. Secretary of Veterans Affairs, No. 3:13-CV-4312-M (BF), 2014 U.S. Dist. LEXIS 96274, *2 (N.D. Tex. July 16, 2014), the plaintiffs filed their original complaint for adverse possession of government owned property in state court and the defendant subsequently removed to federal court pursuant to 28 U.S.C. §§ 1331 and 1442(a).  There, the district court recognized that the QTA provided a limited waiver of sovereign immunity over government owned property and that the Act also vested federal courts with exclusive jurisdiction over civil actions brought under 28 U.S.C. § 2409(a).  See id. at *3.  The Sanders court held:

> Here, Plaintiff's claims under the Quiet Title Act fall within the exclusive jurisdiction of the federal courts.  The state court in which Plaintiff initiated her lawsuit lacked subject matter jurisdiction over her claims, and this Court did not acquire jurisdiction upon removal. Accordingly, Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

Id. at *4.  The same set of facts are presented in the instant case.  The QTA requires Adair's claim relating to federally owned property to be heard in federal court, yet the action originated in state court and this Court did not acquire jurisdiction upon removal.

Additionally, in Palmer v. City Nat. Bank, of West Virginia, 498 F.3d 236 (2007), Plaintiffs were given a loan from City National Bank of West Virginia ("City National") in reliance upon the guarantee of the Farm Service Act ("FSA") of the U.S. Department of Agriculture ("USDA"). See id. at 239.  Plaintiffs became delinquent on the loans and the FSA did not make any payments. See id.  City National then foreclosed on Plaintiffs' farm. See id.  Plaintiffs eventually brought suit in state court alleging fraud and breach of

contract.  See id.  City National also filed a third party complaint against the FSA and USDA.  See id.  The federal defendants then removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1).  See id.  The district court held that because the United States had not waived its sovereign immunity in relation to contract and tort claims in state court, the state court lacked jurisdiction.  See id.  The district court further reasoned that because the state court lacked jurisdiction to hear the case, the federal court did not acquire it at the time of removal, which is in accordance with the doctrine of derivative jurisdiction.  See id.  The Fourth Circuit affirmed.  See id. at 248.

Based on the doctrine of derivative jurisdiction and noting the analysis in both Sanders and Palmer, HUD's Rule 12(b)(1) Motion to Dismiss is **GRANTED**.  Here, the Louisiana state court lacked jurisdiction over Adair's partition claim because the subject matter was exclusive to federal district courts under the QTA.  Thus, this Court acquired no jurisdiction of the subject matter upon removal, even though it would have subject matter jurisdiction over the suit if Adair had originally filed in federal district court.  Therefore, Adair's claim is **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(1).

## CONCLUSION

The Court finds that it lacks subject matter jurisdiction over Adair's claim against HUD. Accordingly, HUD's Rule 12(b)(1) Motion to Dismiss (Document 7) is **GRANTED**. All of Adair's claim(s) are **DISMISSED WITHOUT PREJUDICE**.

A judgment consistent with the instant Memorandum Ruling shall issue herewith.[2]

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of June 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]Two defendants, the Internal Revenue Service and Bella Lago 2, LLC, have not appeared in this case. Yet, because this Court found no subject matter jurisdiction over the entire dispute in this case, which revolves around federally owned property, a judgment dismissing without prejudice the entirety of Adair's lawsuit and closing the case is appropriate.